# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUZ RODRIGUEZ,

    **Plaintiff,**

    v.                                               Case No. 11-CV-1165

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,[1]

    **Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

    Plaintiff, Luz Rodriguez, sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of disability and disability insurance benefits by the Commissioner of Social Security. On March 8, 2013, I ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated in this opinion, I will grant the motion but reduce the amount of the award.

### DISCUSSION

*1.    EAJA Standard*

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially

---

[1]    The Court has amended the caption to substitute Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, as the defendant in this case. On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Because I reversed and remanded the Commissioner's decision under sentence four of §405(g), the plaintiff was the prevailing party in this litigation. The application was timely filed, and the Commissioner points to no special circumstances making an award unjust. However, the Commissioner argues that the motion should be denied because the government's position was substantially justified. Alternatively, the Commissioner contends that the amount of any award should be reduced.

   *2.   Substantial Justification*

When a Social Security plaintiff prevails in court, the Commissioner bears the burden of proving that the government's position was substantially justified. *Cunningham*, 440 F.3d at 864. The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569. In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA fees are not determined by the number of successful arguments, and a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *Id.*

The Commissioner's position includes the government's position during litigation and during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). Further, the administrative law

-2-

Case 2:11-cv-01165-NJ   Filed 07/16/13   Page 2 of 13   Document 44

judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863–64.

Whether the Commissioner's position is substantially justified is left to the discretion of the district court, "in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 -860 (7th Cir. 2011) (quoting *Pierce*, 487 U.S. at 561-62). While there is no "firm rule," the Seventh Circuit has provided some "helpful benchmarks" as to whether the Commissioner's position is substantially justified. *Id.* at 859. The Commissioner's position may be substantially justified even if it turns out to be completely wrong. *Id.* The ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the Commissioner's defense of the opinion. *Id.* (internal citation omitted). That is because the requirement that the ALJ must articulate an assessment of the evidence is "deliberately flexible," so the ALJ's failure to "connect all the dots" in the analysis, and the Commissioner's defense of those gaps in the ALJ's reasoning, is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law. *Id.* at 859-60 (citing *Cunningham*, 440 F.3d at 864–65). It typically takes something more egregious than an error in articulation to make the Commissioner's position unjustified. *Id.* at 860 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Rather, the error must be something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending the ALJ's opinion on a forbidden basis. *Id.* The Seventh Circuit has also explained that the Commissioner's position "must be stronger than merely non-frivolous," though "'[s]ubstantially justified' does not mean 'justified to a high degree.'" *Suide v. Astrue*, 453 Fed.Appx. 646, 648 (7th Cir. 2011) (internal citations omitted).

Here, the Commissioner argues that her position was substantially justified for several reasons. First, the Commissioner notes that the Court rejected four out of six of Rodriguez's arguments, and argues that she is therefore not entitled to any fees for time expended on those arguments. (Commissioner's Brief, Docket # 40 at 4.) Second, the Commissioner argues that because the first ground for which the Court remanded was because of the ALJ's failure to articulate certain aspects of the RFC finding, the Commissioner's position was substantially justified. (*Id.* at 5.) Third, the Commissioner argues that the reason for remand on the credibility determination—that the ALJ did not make clear how much weight he assigned a report that contained a mistake of fact—also shows that her position is substantially justified. The Commissioner argues that the Court "effectively adopted the agency's litigation position on credibility," and notes that Rodriguez did not raise the reason for remand in her briefs. (*Id.* at 6.) I will address each argument in turn under the EAJA standard. *See Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) (explaining that the "substantial evidence" and "substantial justification" standards are used at difference stages and involve different tests).

    2.1.    The RFC Finding

In reviewing the ALJ's RFC determination, I found that two flaws in the ALJ's RFC analysis required remand: the lack of a limitation responsive to Rodriguez's Crohn's disease and the lack of discussion or inclusion of Rodriguez's treatment history regarding, or a limitation responsive to, her degenerative disc disease. (Decision and Order, Docket # 31 at 12-13.) I found that the ALJ's decision was supported by substantial evidence as to her rotator cuff tear and her asthma. (*Id.* at 11-12.)

First, the ALJ failed to include a limitation pertaining to Rodriguez's Crohn's disease, despite the fact that the ALJ determined that her Crohn's was a severe impairment. (*See* Decision and Order, Docket # 31 at 12-13.) Section 404.1520(c) of the Code of Federal Regulations contemplates that a severe impairment affects a claimant's "ability to do basic work activities." 20 C.F.R. § 404.1520(c). As explained in the decision, though the ALJ's decision contained a comprehensive summary and discussion of Rodriguez's treatment history for Crohn's, it did "not [make] clear why [he] considered Crohn's disease a severe impairment or how that finding affected his ultimate RFC determination." (*Id.* at 13.) As part of the remand, the ALJ was to consider "how or if Rodriguez's Crohn's affects the ultimate RFC determination." (*Id.*)

Second, the ALJ failed to provide "Rodriguez's treatment history [or] any limitation in the RFC finding that would evidence his consideration of [her degenerative disc disease] in reaching his RFC determination." (*Id.*) The ALJ found Rodriguez's degenerative disc disease to be a severe impairment, but by failing to discuss her treatment history and also failing to include a limitation in his RFC finding that was responsive to degenerative disc disease, "the ALJ provided no way to review the way in which, if at all, Rodriguez's degenerative disc disease impacted his ultimate RFC finding." (*Id.*)

The Commissioner argues that these errors were "ones of articulation" and her position is therefore substantially justified. (Docket # 40 at 5.) It is true that "errors of articulation 'in no way necessitate a finding that the government's position was not substantially justified' because the 'requirement that the ALJ articulate his consideration of the evidence is deliberately flexible.'" *Britton-Dillon v. Astrue*, 433 Fed.Appx. 474 (7th Cir. 2011) (internal brackets removed) (citing *Stein v. Sullivan*, 966 F.3d 317, 319-20 (7th Cir. 1992) and *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir.

2011)). But in this case, the ALJ's error was more than an error of mere articulation. Once an ALJ determines that an impairment is severe, and thus limits the claimant's ability to work, he is required to consider it in making an RFC determination. *See* 20 C.F.R. §§ 404.1545(a)(2), (e). The ALJ's failure to include a discussion of Rodriguez's treatment for her degenerative disc disease and failure to articulate how this affected her RFC was "not a matter of degree (i.e. how much articulation was required)." *Culver v. Barnhart*, 07-C-643, 2009 WL 151579, *1 (E.D. Wis. Jan. 22, 2009). Rather, the ALJ failed to discuss Rodriguez's degenerative disc disease at all, except in the context of listing her severe impairments. The ALJ "fail[ed] to articulate any plausible connection between" Rodriguez's degenerative disc disease and his ultimate RFC finding. *See id.* Given that the ALJ is required to consider all limitations in reaching an RFC, there is no reasonable basis in law for failing to account for a impairment that he himself found to be severe.

Similarly, the ALJ's failure to craft an RFC responsive to Rodriguez's Crohn's disease, which the ALJ determined was a severe impairment, also has no reasonable basis in law. The ALJ's failure to articulate in this instance was not merely a failure to "connect the dots." As evidenced in the decision on the merits, the ALJ's RFC determination did not reflect a consideration of Rodriguez's Crohn's disease, which left this Court unable to review the ALJ's decision.

In remanding the case, I found that the ALJ failed to build the requisite logical bridge between his finding that Rodriguez's Crohn's and degenerative disc disease were severe impairments and his ultimate RFC determination. There is no reasonable basis in law for the ALJ's failure to comply with the regulations and case law. Therefore, the Commissioner's position as to Rodriguez's RFC was not substantially justified.

-6-

Case 2:11-cv-01165-NJ   Filed 07/16/13   Page 6 of 13   Document 44

### 2.2 Credibility Determination

Overall, the ALJ complied with SSR 96-7p in making his credibility determination. However, the ALJ relied on a report from Dr. Chan, which contained an erroneous fact—that Rodriguez had recently had rotator cuff surgery, though she had not and still has not. On this basis, I instructed the ALJ to "take note of the error in Dr. Chan's report on remand and make clear what effect, if any, Dr. Chan's report had on the credibility determination." (Decision and Order, Docket # 31 at 17.) Rodriguez did not raise this argument in her briefs, and I explicitly found that "the ALJ's opinion does provide the requisite 'specific reasons' for discounting Rodriguez's credibility" under SSR 96-7p. Therefore, there was a reasonable basis in law for the Commissioner's position regarding the ALJ's credibility finding and was therefore substantially justified.

### 2.3 Conclusion on Substantial Justification

Although I rejected four out of the six arguments Rodriguez made, as the Commissioner argues, the Commissioner's position was not substantially justified. *Bringe v. Astrue*, No. 08-C-1025, 2009 WL 3765397, * 4 n. 3 (E.D. Wis. Nov. 7, 2009) (explaining that the award of EAJA fees "is based on the government's overall position, rather than argument counting.") (citing *Stewart v. Astrue*, 561 F.3d 679, 683-84 (7th Cir. 2009)). Specifically, the ALJ's errors in the RFC determination violated regulations and well-established case law. Though "'[b]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action,'" *Lechner v. Barnhart*, 330 F. Supp. 3d 1005, 1010 (E.D. Wis. 2004) (citing *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996)), the RFC determination is, essentially, the purpose of the process. Therefore, the Commissioner's position lacked substantial justification as a whole. *See Bringe v. Astrue*, No. 08-C-1025, 2009 WL 3765397, * 4 (E.D. Wis. Nov. 7, 2009) ("An award of fees is

appropriate when the Commissioner contravenes long-standing agency regulations and judicial precedent." (citing *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009))).

      *3.     Reasonableness of Fees*

Once a court determines that a fee award under the EAJA is appropriate, it must next determine the reasonableness of that fee—both in terms of the rate and the hours. *See Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). Pursuant to the statute, the EAJA allows for reasonable attorney's fees "based upon the prevailing market rates for the kind and the quality of the services furnished," though the rate is not to exceed $125 an hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A plaintiff bears the burden of proving the reasonableness of hours worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Furthermore, where the plaintiff seeks a cost of living increase, the plaintiff bears the burden of proving that one is warranted. *See Lechner*, 330 F. Supp. 2d at 1011 (internal citation omitted).

Rodriguez requests an award of $6,132.00 for 33.6 hours of work, at a rate of $182.50 an hour. (Aff. of Hannah Dugan, Docket # 33-2 at ¶¶ 7.) In support of her request for a fee above the $125/hour ceiling, the plaintiff provides only information about the consumer price index, comparing the index from March 1996 to the index from March 2012. However, "the lawyer seeking [an adjustment for inflation] must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). It is not enough to simply cite the consumer price index to justify a rate above the $125 ceiling. *See id.* ("Inflation affects different markets, and different costs in the same

market, in different ways."). Rodriguez's attorney, therefore, is not entitled to an hourly rate above $125 for the reason of inflation. *Cf. Kampe v. Astrue*, No. 09-C-0888, 2012 WL 6644231, * 2 (E.D. Wis. Dec. 20, 2012) (finding that the attorney's submission of not only the consumer price index, but also an affidavit demonstrating the specific increases in costs of running a law practice in his particular location, justified an hourly rate above $125).

In the reply brief, Rodriguez also states that "special factors" justify an hourly rate above $125, including the limited availability of attorneys for this type of case; her experience with this type of case; and that Rodriguez's prior counsel's missteps resulted in a more difficult case, which required an attorney with experience. (Docket # 41 at 6.) Rodriguez does not mention these special factors in the original brief in support of her motion for EAJA fees; she mentions only that her practice has focused on Social Security and veteran disability matters since December of 1989. (Aff. in Support of Mtn. for EAJA Fees, Docket # 33-2 at ¶ 4.) The Supreme Court has explained that

> the other special factor mentioned in the statute—"the limited availability of qualified attorneys for the proceedings involved"—is to be interpreted narrowly, as being limited to necessary skills or knowledge specialized to that area of law and so can't be just a factor of "broad and general application" such as "the 'novelty and difficulty of issues,' 'the undesirability of the case,' the 'work and ability of counsel, and 'the results obtained.'"

*Mathews-Sheets*, 653 F.3d at 564 (citing *Pierce v. Underwood*, 487 U.S. 551, 572 (1988)). Use of the "special factor" contemplated by the statute—"the limited availability of qualified attorneys"—requires more than merely asserting that the factor exists. The Supreme Court's decision in *Pierce* contemplates that evidence that "such qualifications are necessary and can be obtained only at rates in excess of the [$125] cap" should be provided in order to obtain "reimbursement above that limit." *Pierce*, 487 U.S. at 572. Additionally, in *Mathews-Sheets*, the Seventh Circuit approved the standard used by the First Circuit: "'[I]f a plaintiff can show that a particular . . . kind of case . . .

requires for competent counsel someone from among a small class of specialists who are available only for [more than $125] per hour, that seems to us enough to meet the language of the statute, its purpose, and the Supreme Court's gloss [in *Pierce*].'" 653 F.3d at 565 (quoting *Atlantic Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 492 (1st Cir. 2000)) (alterations in original). Finally, it is the plaintiff's burden to prove the reasonableness of the hourly rate. Therefore, Rodriguez's mere statement that there is a limited number of attorneys for this type of case is not enough to support a fee above the $125 ceiling.

Similarly, Rodriguez's assertion that her attorney's experience with this type of case justified a fee above $125 an hour is "a factor of 'broad and general application'" specifically rejected by the Supreme Court in *Pierce*. 487 U.S. at 554; *see also Mathews-Sheet*, 653 F.3d at 564. Rodriguez's assertion that this was a "difficult case" because of her prior counsel's missteps and thus required "the legal arguments of an experienced, but otherwise unavailable attorney" also does not justify an hourly rate above $125. The Supreme Court also rejected "the 'novelty and difficulty of the issues' as a basis for awarding an hourly rate above the statutory ceiling.[2] *Pierce*, 487 U.S. at 554.

Because the plaintiff bears the burden of proof of proving the reasonableness of the fee, and because the plaintiff has failed to meet that burden, the Court will award an hourly rate of $125.

As to the reasonableness of the number of hours worked, the government argues that the number of hours worked should be reduced (1) because of a mathematical error and (2) because the attorney is not entitled to fees for performing ministerial tasks. Regarding the mathematical error, Rodriguez has conceded the error. (Docket # 41 at 7.) The time entries only total 32.45 hours, rather

---

[2] Rodriguez's prior counsel's missteps would be a proper consideration, however, for assessing the reasonableness of the hours worked. The Commissioner does not challenge the number of hours worked on this basis, but instead on a mathematical error and on the ground that the attorney should not be paid for performing clerical tasks, which is discussed below. Therefore, it is unecessary for the Court to consider this allegation in the assessment of the hours worked.

than the 33.6 hours that Rodriguez's attorney requested in the original motion. Therefore, I will deduct 1.15 hours from the total award of EAJA fees.

On the issue of ministerial tasks, the Commissioner argues that the hours worked total should be reduced by 4.1 hours because Rodriguez's counsel is not entitled to fees for performing tasks such as faxing, mailing, and filing. Rodriguez argues that "[a]ll of the attorney work in the petition was necessary to have the case placed properly before the Court in order to achieve Rodriguez's goals." (Docket # 41 at 5.) Particularly, the Commissioner argues that the following transactions should be excised from the ultimate fee award: an entry on 5/8/2012 for "record fax to doctor" (0.2 hour); an entry on 5/9/2012 for "resent fax" (0.1 hour); an entry on 5/11/2012 for "prepared and filed notice of appearance" (1.0 hour); an entry on 5/15/2012 for "certificate of service and mailing of brief to opposing counsel" (0.5 hour); another entry on 5/15/2012 for "call to Eastern District and Pacer for filing log in changes" (0.5 hour); an entry on 9/29/2012 for "faxed and mailed work history" (0.5 hour); an entry on 9/29/2012 for "faxed and mailed functional report" (0.5 hour); another entry on 9/29/2013 for "faxed and mailed attorney rep forms" (0.2 hour); an entry on 10/1/2012 for "review court email" (0.1 hour); and an entry on 10/2/2012 for "filed reply brief, motion, and declaration" (0.5 hour). This is a total of 4.1 hours. The Commissioner also argues that a portion of the billed time for an entry on 10/1/2012, reading "edit reply and motion and failed attempt at filing," should be excised for the filing portion of the entry.

The Commissioner's objections are well-placed. A district court may reduce EAJA fees for hours spent by the attorney for purely clerical tasks such as mailing and filing. *See, e.g.*, *Pecha v. Barnhart*, No. 05-C-0099-C, 2008 WL 3850388, * 2 (W.D. Wis. Mar. 8, 2008) (reducing the requested EAJA fees by deducting hours "spent by [the attorney] performing purely clerical tasks," such as mailing and filing) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)); *Hemminger v. Astrue*,

-11-

No. 08-cv-186-bbc, 2009 WL 1850647, * 4 (W.D. Wis. June 26, 2009) (reducing the number of hours for which the attorney received fees, explaining that "a reduction is warranted for time spent by the legal team on tasks that can be characterized as purely secretarial and not requiring any specialized legal skills."). Accordingly, I will reduce the number of hours by 4.1 hours, which is the amount of time Rodriguez's attorney spent on "purely clerical tasks," particularly faxing, mailing, and filing, as outlined above.

I will also reduce the award by an additional .35 hours for the "failed attempt at filing" entry on 10/1/2012. The Commissioner posited that though the entry does not detail how much of the 1.5 hours was spent on the failed filing, she approximated Rodriguez's attorney spent 0.35 hours. Another filing entry on 10/2/2012 took 0.5 hours to file a brief, motion, and declaration. The Commissioner also invited Rodriguez to clarify in her reply brief. Rodriguez did not take the opportunity to do so. Instead, she responded that the Commissioner failed to provide a basis "for asserting that the time accounted for was not reasonably expended." (Docket # 41 at 6.) As already noted above, it is the plaintiff's burden to show that the fee award—in terms of both the hours and the hourly rate—is reasonable. The plaintiff has failed to meet this burden as to hours expended on clerical tasks. *Cf. Salaam v. Astrue*, No. 08-C-0238, 2009 WL 382747, * 1 (E.D. Wis. Feb. 10, 2009) (explaining that though "[t]here are cases in which time spent on [clerical or secretarial tasks] should not be awarded at counsel's rate," the plaintiff's attorney explained she did not perform the tasks but ensured her staff had done so.) Therefore, the fee award will be reduced by 4.45 additional hours. Rodriguez is therefore entitled to fees for 28 hours of work [33.6 - 1.15 = 32.45 hours - 4.45 hours = 28 hours].

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 33) is granted in the total amount of $3,500.00.

**IT IS FURTHER ORDERED** that such fee is awarded to plaintiff's counsel, Hannah C. Dugan, pursuant to Rodriguez's agreement so providing.

Dated at Milwaukee, Wisconsin this 16th day of July, 2013.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge